JOSEPH NELKEN v. HARRY M. FOSTER, ET AL.

1. Sections 4270 and 4273 of the Revised Statutes relating to recovery of money lost in gaming, wagers, etc.—the *first* providing that within six months the loser may sue, and the *second* that if the loser do not sue within the time specified any person may sue—are not mutually exclusive. The latter section by the term "any person," includes also the loser; and the first section is therefore not a statute of limitation.

2. It is sufficient in suits under this law to show the aggregate amount of losses within specified dates without proving each particular amount and date or the particular agent or proprietor to whom each sum was paid or lost.

3. A plaintiff in such actions need not aver nor prove that he lost money in nor describe the gambling schemes in which he participated.

HOSEA, J.

Opinion upon motion to make petition definite.

The petition alleges that plaintiff lost and paid to defendants, who are alleged to have been engaged in a business of gaming in stocks and grain, diverse sums of money between April 15 and December 2, 1904, inclusive, upon certain unlawful bets and wagers, the sums aggregating $1,200, for which he asks judgment.

The motion is to compel plaintiff to set forth the dates of the several alleged losses and payments.

The ground of the motion, as claimed in argument by the mover, is that Section 4270 of the Revised Statutes, which authorizes this action, limits the right of suit to six months from date of loss or payment, which limitation would exclude all payments made within six months prior to December 24, 1904, on which day the petition was filed : and that, therefore the petition should be correspondingly confined in its allegations.

The general statute under which the suit is brought comprises the series of sections from 4269 to 4276, inclusive, constituting Chapter 5, Title 5, of the Revised Statutes, declaring gaming contracts void and providing remedies upon them.

The common law gave no remedies upon such contracts and refused to aid either party. The only remedy, therefore, is the statutory one. Section 4270 provides that within the six months after the loss or payment the loser may sue; and if this were the sole provision in respect of remedy, the contention of the defendant in this case would be good; but that is not the sole provision. Section 4273 provides that if the loser does not sue within the time specified, any person may sue.

The defendant claims that the word "person" in the last named section must be held to mean any *other* person;—in other words, that the two sections (4270 and 4273) are mutually exclusive. But this proposition is unsound. The law in question creates a right where none before existed; and in the creating of such a right no reason appears for imposing a limitation of time upon the party chiefly concerned where it is given without limitation to others who may not be concerned at all. Moreover, it is a general principle that remedial statutes are to be interpreted with a view of effectuating the purpose intended by the Legislature; and in applying these principles I must hold that the last named section (4273) in specifying "any person" includes the loser. It therefore follows, as the meaning of the statute, that during the first six months after the loss or payment the loser only may sue; but from that time forward the lists are open to others as well, including the loser. *Hoss v. Layton,* 3 O. S., 353.

But even considered upon the ground of indefiniteness as to dates, items, etc., I think the motion is not well taken. Section 4272 of the same law provides that it shall be sufficient in such cases to allege that the defendant is indebted, or received to plaintiff's use, etc., without setting forth special matter, and under this section it has been held sufficient to show the aggregate amount of losses between specified dates without proving each particular amount and date or the particular agent or proprietor to whom each sum was paid or lost. *Lear et al.* v. *McMillen,* 17 O. S., 464.

It has also been held that the plaintiff need not aver and prove that he lost money in the gambling schemes in

which he participated, nor describe the particular games or schemes in which he played. *Vincent* v. *Taylor,* 60 O. S., 309.

The motion, therefore, must be denied and it is so ordered.    Motion denied.

*S. H. Hurtig,* for plaintiff.
*G. H. Warrington,* for defendant.